# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSHUA PAYNE | ) | |
| | ) | |
| Appellant - Defendant Below, | ) | |
| | ) | |
| V. | ) | |
| | ) | ID No.: 1512010138 |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Appellee - Plaintiff Below. | ) | |

Submitted: September 4, 2018
Decided: December 12, 2018

*On Appellant's Appeal from the*
*Evidentiary Ruling of the Court of Common Pleas*
**DENIED**

**ORDER**

This 12th day of December 2018, upon consideration of Appellant's Appeal from the Court of Common Pleas, it appears to the Court that:

1.      This is an appeal from the Court of Common Pleas after a trial finding of the Defendant's guilt for driving While Suspended or Revoked. The evidence showed that Mr. Payne was observed driving in the City of Wilmington, went through a stop sign and was pulled over by a Wilmington Police Officer who ran his name through a computer, discovered his license was suspended and gave him a ticket.

1

2.     Before reciting the facts here, it is probably worthwhile to consider the offense of Driving While Suspended or Revoked. 21 Del. C. §2756 is the statutory provision and states pretty simply that if one drives a motor vehicle on a public roadway while one's license is suspended or revoked is guilty of the offense. The fines are steep and a second offense carries a mandatory jail sentence. There are, to put it mildly, few defenses. Perhaps that is why the few that do exist ("I wasn't driving; I wasn't revoked") are the subject of arguments as inventive as counsel presenting them. Alas, not all inventions are good inventions.[1] But we digress.

3.     Defendant was represented by counsel in the Court of Common Pleas. Counsel received the State's discovery, took the matter to a suppression hearing, and represented him until just a few days before trial. Then new counsel came into the case and the matter proceeded to a bench trial with the State calling but one witness, the arresting officer. There was no pretrial discovery issue raised to the Court. There was no motion *in limine* to flesh out any pending evidentiary issues. What did happen, follows.

4.     The patrol officer testified to the stop of the Defendant.[2] That satisfied the "driving" element. As to "while revoked or suspended," the State sought to

---

[1] The mind reels at possible examples: hydrogenated oils, leaded gasoline, subprime mortgages. Perhaps your favorite made Time's list of the 50 worst:
http://content.time.com/time/specials/packages/completelist/0,29569,1991915,00.html

[2] *State v. Payne*, No. 1512010138, at 8:1-14:22. (Del. Com. Pl. Feb. 7, 2012) (TRANSCRIPT).

introduce its certified copy of a Notice of Revocation, Affidavit of Mailing the Notice and the Defendant's certified driving record.[3] Defense counsel raised a full throated evidentiary objection to admission of the records that, it turns out, was the one and only substantive objection at trial. So detailed and prolonged was the evidentiary argument that the Court took the matter under submission and invited the parties to further brief the matter.[4]

5. The complaint that has survived for appeal is that the certified copy of defendant's driving record was not certified in accordance with the certification provisions of the Notarial Acts statute, 29 Del. C. subchapter 43 and therefore should not have been admitted against him.

6. The Motor Vehicle Code, 21 Del. C. §2736 spells out the admissibility of motor vehicle records evidence in a driving case. The subsection dealing with conviction records reads as follows:

> (e) In any prosecution under this Code, a conviction record as maintained in the Division of Motor Vehicles, *which has been certified by the Director of the Division of Motor Vehicles*, may be admitted into evidence and shall be competent evidence that the person named therein was duly convicted of each offense enumerated therein and of the status of that person's driving license and/or privileges. It shall be unnecessary for any employee or agent of the Department to personally appear for the admission into evidence of such conviction record in any proceeding under this Code.[5] (emphasis added).

---

[3] *Id.* at 14:2-12.

[4] *State v. Payne*, No. 1512010138, at 55:19-56:18 (Del. Com. Pl. Feb. 7, 2012) (TRANSCRIPT).
[5] 21 Del. C. §2736(c)-(e).

3

7. The defense does not argue that 1) the defendant's license was not, in fact, suspended, or 2) that Scott Vien is not, in fact, the Director of the Division of Motor Vehicles,[6] or 3) that the driving record that was admitted into evidence was not defendant's driving record. Rather, the only argument is that by the terms of the Notarial Acts statute, the certified record failed to identify Scott Vien as the Director of DMV – referring to him only as an "officer" -- and that the certification is not dated, an apparent requirement of notarial acts.

8. The defendant invites us down the Rabbit Hole of various subsections of the Notarial Acts subchapter. Before jumping, however, it is fair to question whether the Notarial Acts Statute has anything whatever to do with the "certification" of a motor vehicle driving record under the Motor Vehicle Code. Defendant's arguments here leave the Court thoroughly unconvinced that it does.

9. Defendant asserts that "Delaware law mandates that certification of a copy of a conviction record – a notarial act under Delaware law – must be "evidenced by a certificate" that "must include...the title of the office that the notarial officer holds.""[7] This is the nub of defendant's argument and, if true, he wins. But is a

---

[6] See Appendix to Appellant's Opening Brief, Ex. A, the last page of which is a "Message from the Director" of DMV, signed by "Scott Vien, Director, Division of Motor Vehicles." See also D.R.E. Rule 201 (Court may take judicial notice of facts not subject to reasonable dispute).
[7] Appellant's opening brief at 8-9.

4

certified copy of a conviction record a "notarial act under Delaware law?" Defendant cites 29 Del C. §4321(13)(c) for this proposition. But that subsection merely identifies what a notary is authorized to do. It says notaries can certify and attest things. It does *not* say that *only* notaries can certify and attest things. If it did, this would be a different case. The statute certainly does not limit state officials in certifying records held by the official's own offices. In fact, notaries are specifically prohibited from certifying records of public officials.[8] Thus, neither the Motor Vehicle Code nor the Notarial Acts Code support defendant's argument.

10. Similarly, defendant's argument that the certified record must include the specific title of the officer signing the certification lacks support in the Code. Defendant cites us to 29 Del. C. §4327(a), and that provision does require that notarized documents include the title of the notary. But the requirement *assumes* the document to be subject to the notarial acts statute – that is -- authenticated by a notary. This certified record is not authenticated by a notary and was never intended to comply with the notarial acts statute. Nor, so far was we can see, is there any requirement that it do so.

11. The State correctly points out that the requirements of authentication under Article Nine of the Rules of Evidence are satisfied by the certification here.[9]

---

[8] See 29 Del. C. §4322(d) ("Notaries public, however, shall not attest to copies of official or public records, only of documents that cannot be certified by a public official.")

[9] See D.R.E. Rule 902.

5

So are the objections against hearsay.[10] Nothing in the Code or the Rules of Evidence give the Court any basis to find that the Court below was not acting well within its discretion in admitting the evidence of defendant's prior driving record and duly convicting him on the basis of the evidence.

12. For the foregoing reasons, the Court upholds the evidentiary ruling of the Court of Common Pleas and Appellant's appeal is **DENIED.**

**IT IS SO ORDERED.**

Judge Charles E. Butler

---

[10] See D.R.E. Rule 803(8).